**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEROME COLLINS, | : | |
| | : | Civil Action No. 11-152 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DADE D. WERB and JAN A.T. | : | |
| VAN AMERONGEN, JR., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> JEROME COLLINS, Plaintiff <u>pro se</u>
> SBI # 485850
> Howard R. Young Correctional Institution
> Wilmington, Delaware 19809

**SIMANDLE**, District Judge

Plaintiff Jerome Collins, ("Collins"), currently confined at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint must be dismissed.

## I. BACKGROUND

Collins brings this action, pursuant to 42 U.S.C. § 1983, against assistant public defender, Dade D. Werb ("Werb") and private defense attorney Jan A.T. van Amerongen ("van Amerongen"), attorneys assigned to Collins' criminal case. Collins alleges that he was not adequately represented by appointed counsel and that defense counsel was ineffective. He seeks a reversal of his plea agreement, the retirement of van Amerongen, a new criminal defense attorney, and punitive damages.

## II. STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less

2

stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either
in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325
(1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a
court may dismiss a complaint as frivolous if it is "based on an
indisputably meritless legal theory" or a "clearly baseless" or
"fantastic or delusional" factual scenario. Neitzke, 490 at 327-
28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see,
e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir.
1995) (holding frivolous a suit alleging that prison officials
took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to
state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1)
is identical to the legal standard used when ruling on 12(b)(6)
motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.
1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for
failure to state a claim under § 1915(e)(2)(B)). However, before
dismissing a complaint or claims for failure to state a claim
upon which relief may be granted pursuant to the screening
provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant
Plaintiff leave to amend his complaint unless amendment would be
inequitable or futile. See Grayson v. Mayview State Hosp., 293
F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[1] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal,129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. SECTION 1983 ACTIONS

Collins brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. ANALYSIS

Collins names as Defendants an assistant public defender and private defense counsel. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a

5

federal right, and that the person who caused the deprivation acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Moore v. Tartler</u>, 986 F.2d 682, 685 (3d Cir. 1993).

Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Harmon v. Delaware Secretary of State</u>, 154 F. App'x 283, 284-85 (3d Cir. 2005) (not published). Similarly, van Amerongen, as a private attorney, is not a state actor. Because Defendants are not considered state actors, Collins' claim fails under § 1983.

## V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the Complaint would be futile.

An appropriate Order accompanies this Opinion.


JEROME B. SIMANDLE
United States District Judge

Date: April 28, 2011

6